Cunningham, J.
Collins, as plaintiff below, brought an action alleging th&t Haver, the defendant, had fraudulently induced him to purchase a certain promissory note of the face value of $800.00, and for which Collins paid the face value, which said note Haver held against one W. A. Williams. As alleged, the fraud consisted of false representations concerning the solvency of Williams, and the value of certain lands on which Williams had given a trust deed to Haver to secure the note in question.
When the case was called, defendant objected to a jury, giving as his reason therefor that the case wase equitable in its nature, and should be tried by the court. The court overruled this objection, with *442 out auy suggestion whatever from plaintiff, and without assigning any reason for its ruling. At the conclusion of the testimony each side tendered instructions, on which the judge endorsed the following: “This being an equity case, all tendered instructions refused.” Thereupon, the judge submitted certain questions of fact, which were answered by the jury, and adopted by the court, and incorporated into the decree. The defendant interposed an objection to the action of the trial court in declining to instruct the jury generally, saying:
“The defendant further objects and excepts to the instructions and each of them, for the reason that the court has now determined that the case should be tried as an equity case, and the jury should only be used as advisors to the court, when in fact the ease has been tried to the point of submitting the instructions, as a law case, and all evidence has been introduced and received in the case as a law case, and that the change from a law case to an equity is without the consent or acquiescence of defendant, and has put him to a disadvantage; therefore, the defendant objects to the submission of the case to the jury in the manner in which it is now submitted.”
The plaintiff again'made no objection or suggestion as to the attitude of the court in the matter of instructing the jury.
1. Throughout their briefs, counsel for defendant repeatedly allude to the trial judge “changing the cause of action from one at law to one in equity.” It does not even appear that the judge changed his mind on the subject, much less the very nature of the case as made by the pleadings and the proof, *443 ■which, would be an extremely difficult feat, to say the least. Moreover, in treating it as an equity case, the judge adopted the views expressed by the defendant when the case was called, and finally acted upon his suggestion.
2. The case seems to have been brought to rescind an executed contract. The plaintiff, in his complaint, and on the trial, tendered the note and trust deed to defendant, that is, offered to return same, and the judgment demanded was for the money which had been paid for the note, together with interest thereon, less certain interest that had been paid. We therefore conclude that the case was equitable in its nature, and, if so, the action of the trial judge in instructing the jury specially, as he did, was proper.
3. We have examined, with care, the entire evidence, as the same appears in the original bill of exceptions, and are unable to discover how either the jury or the trial judge could have reached conclusions different from those appearing in the verdict and decree. Hence the judgment must be affirmed. •

Affirmed.